**Pages 1 - 14**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Susan Illston, Judge

EZEKIAL FLATTEN, et al.,          )
                                  )
          Plaintiffs,             )
                                  )
   VS.                            )   **NO. C 21-07031-SI**
                                  )
BRUCE SMITH and STEVE WHITE,      )
                                  )
          Defendants.             )
_____)

                          San Francisco, California
                          Friday, November 19, 2021

      **<u>TRANSCRIPT OF REMOTE VIDEOCONFERENCE PROCEEDINGS</u>**

<u>APPEARANCES</u>: (Appearances via Zoom videoconference.)

For Plaintiffs:
                          WILLIAM A. COHAN, P.C.
                          2888 Loker Avenue E - Suite 202
                          Carlsbad, California 92010
                    BY:  **WILLIAM A. COHAN, ATTORNEY AT LAW**

                          SCOTT LAW FIRM
                          1388 Sutter Street - Suite 715
                          San Francisco, California  94109
                    BY:  **JOHN H. SCOTT, ATTORNEY AT LAW**

For Defendant Smith:
                          COLANTUONO, HIGHSMITH & WHATLEY, PC
                          790 E. Colorado Boulevard - Suite 850
                          Pasadena, California 91101
                    BY:  **PAMELA K. GRAHAM, ATTORNEY AT LAW**


          **(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

Reported By:  Ruth Levine Ekhaus, RMR, RDR, FCRR
              Official Reporter, CSR No. 12219

**APPEARANCES**:   (CONTINUED)

For Defendant White:

        OFFICE OF THE ATTORNEY GENERAL
        State of California
        1515 Clay Street
        Oakland, California 94612
  BY:  **KYMBERLY E. SPEER, ATTORNEY AT LAW**

**Friday - November 19, 2021**                              **10:29 a.m.**

                              P R O C E E D I N G S

                                   ---oOo---

        **THE CLERK:**  Now calling Case Number 21-CV-7031,
Flatten, et al., versus Smith, et al.

    Counsel, please state your appearances for the record
starting with plaintiff.

        **MR. COHAN:**  William Cohan for plaintiff.

        **THE COURT:**  Good morning.

        **MR. COHAN:**  Good morning.

        **MR. SCOTT:**  Good morning, Your Honor.  John Scott,
also appearing for the plaintiffs.  And Mr. Cohan will be
arguing.

        **THE COURT:**  All right.  Thank you.

        **MS. GRAHAM:**  Good morning, Your Honor.  Pamela Graham
on behalf of Bruce Smith.

        **THE COURT:**  Good morning.

        **MS. GRAHAM:**  Good morning.

        **MS. SPEER:**  Good morning, Your Honor.  Kym Speer for
defendant Steve White.

        **THE COURT:**  Good morning.  Good morning to you all.

    This is defendants' motion to dismiss and motion to
strike.  And cutting directly to the chase, my plan is to grant
the motion with leave to amend.

    In my view, the specific allegations -- the allegations in

the complaint do not specifically link the defendants and the non-defendants together in a RICO conspiracy with sufficient specificity to pass the test.  So I agree with the defendants in that respect.

I don't, at this time, intend to decide the splitting -- splitting claim question because we don't yet have a clear complaint that we will be basing that on.

I have a couple of questions for -- for the plaintiff, and then I'll be happy to hear from all of you about anything you want to say.

I got a little tied up with who it is stopped Mr. Flatten in the incident.

**MR. COHAN:**  Bruce Smith and Joseph Huffaker, as far as we know, Your Honor.

**THE COURT:**  And the FBI affidavit, which you also attached and incorporated in your complaint, says it was Mr. Tatum and Mr. Huffaker.

**MR. COHAN:**  Understood, Your Honor.  That was based on a preliminary identification, before Mr. Flatten had the opportunity to look at more photographs.  He had never seen the photograph of Bruce Smith until later on, at which point he said:  No, that's the guy who was with Huffaker.

**THE COURT:**  All right.

**MR. COHAN:**  I mean that's just -- I hope that clarifies that.

PROCEEDINGS

**THE COURT:** It does. I think it probably needs to be fixed up in your complaint as well, because right now I have the inconsistent statements.

**MR. COHAN:** Fair enough. We'll address that. Thank you.

**THE COURT:** And I know that --

**MS. GRAHAM:** I'm sorry, if I could just note on that point before we stray too far from it.

I also want to note there is the most recent indictment for Mr. Tatum and Huffaker that's attached as an RJN, Exhibit A for our RJN, and that also identifies both Tatum and Huffaker.

**THE COURT:** Okay.

**MS. GRAHAM:** Thank you.

**THE COURT:** I wanted to be clear who it was the plaintiff was claiming was involved in that.

Yeah, I think -- that was my question.

So as I say, I'll be happy to hear -- perhaps the defendants wants to go first. I don't know. Or maybe the plaintiffs do. Whoever wants to go first -- or if nobody wants to go first, that's okay too.

**MS. GRAHAM:** I'm happy to start, Your Honor, just to address a few points.

I would just note -- I would certainly agree with the Court's tentative ruling. In terms of leave to amend, I know it's certainly a very high bar, so I'm not going to argue

too far down that path.  I expect we'll be back here again on the next round of pleadings.

I would just note for the Court, I think -- and we've argued this at length in our papers, so I don't want to spend too much time on it.  But just to note for the Court the lack of connection between the allegations and my client, Mr. Smith, beyond the two incidents that we note, the one that Your Honor just referenced the Flatten stop, and we did submit a request for judicial notice.  I don't know if the Court intends to make any comment on that.

**THE COURT:**  Is that on the amended indictment?

**MS. GRAHAM:**  As well as the employment record that shows the date of Mr. Smith's end of his employment with the County of Mendocino, and the start of his employment with Lake County, which preceded the date of the stop.

The only other thing I would raise -- and I'm happy to address this after plaintiffs have a chance to argue -- is just that -- the motion to strike which I think is still a live issue, even with Your Honor's tentative on the motion to dismiss.

And with, that I'm happy to address any questions at the end.

**THE COURT:**  All right.  Ms. Speer, did you want to say anything?

**MS. SPEER:**  Yes, your Honor.

Further to the motion to strike, one of problems with the complaint is that there is so much happening in it that doesn't -- that isn't tied to anything that these two defendants are alleged to have been involved in that if the Court could consider or give us some guidance with regard to how much of the stuff gets carried over into the next version, it might go some way to finding out whether there is anything that can be stated.

THE COURT:  Well, I'll listen to plaintiffs now, but that's another more vigorous way of saying what I was trying to say which is, you haven't linked up your folks and what happened to your folks to the conspiracy.  And the conspiracy -- I don't see you've linked up a RICO conspiracy between Mendocino and Rohnert Park.

So the allegations, which are flashy, aren't connected in a sufficient way.  So I think the next version, in order to pass muster, will have to link them up.  And then things that aren't linked up shouldn't be in there at all.  So that would be my thought.

Mr. Cohan?

MR. COHAN:  Yes, Your Honor.

I must address this statement by counsel for Mr. Smith about the employment status, as if that's somehow provided us with reliable evidence regarding where Mr. Smith was at a particular point in time.

I don't see the relevance of who his employer was on a certain date, as to where he was.  If that were the case, then I guess all those allegations against Tatum and Huffaker would be invalid since they were employed in Rohnert Park.  But they were in Mendocino County, where they had no legal right to perform any legal services whatsoever.  That clearly emerges.

So what were they doing there posing as ATF agents with the knowledge and, apparently, the consent of the Sheriff of Mendocino County, who -- instead of saying:  What are you doing in Mendocino County seizing cannabis?

But he doesn't say that at all.  He doesn't ask any questions about it.  He says:  Just publish a press release exonerating us.

Why would he do that, Your Honor, except as part of a coverup?  And why would he be engaged in a coverup, unless he's part of a conspiracy with Tatum and Huffaker?

And through that, we link him to -- him being the Sheriff of Mendocino County at the relevant time, to these other hundreds of seizures of cannabis, to which both Smith and White have testified that they, together, conducted at least 200 seizures with warrants and more than 200 seizures without warrants.

And where did the weed go, if I may put it colloquially?  Tons of cannabis with no record of where it went.  Hmmm.

So drawing inferences -- and just to wrap this up quickly,

in the reply -- to which we weren't given the opportunity, of course, to respond -- Mr. White's reply brief, he cites a case out of the First Circuit called *United States versus Brandao*. That's on page 3 of his brief at line 18.

And he cites it for this, quote:  The point of making the plaintiff show that the defendants had some knowledge of the nature of the enterprise is to avoid an unjust association of the defendant with the crimes of others.

That, like most of what I've seen in the motions to dismiss and the memoranda, is taken out of context.

Let me invite the Court's attention to the fact that, first of all, notwithstanding that quote, that excerpt, the murder convictions under the RICO statutes were upheld.

The rest of this paragraph, with your indulgence, Your Honor, reads as follows and it's just a few sentences.  Quote: Some knowledge of the enterprise is necessary as part of the requirement of showing association of the enterprise.

And then:  The RICO net is woven tightly to trap even the smallest fish, those peripherally involved with the enterprise. The RICO statute seeks to encompass those people who are, quote, merely associated with the enterprise.  As we held in *Marino*, the defendant need only be aware of at least the general existence of the enterprise named in the indictment, and know about its related activities.

That's what precedes the quote that appears from the

defendants.

THE COURT:  And it's -- it's still important, even in a civil case, to define the enterprise with plausibility.  So I just think you need to go back and see if you can do that.

MR. COHAN:  We'll do our best, Your Honor.  Thank you.

THE COURT:  Anything else right now?

MR. SCOTT:  Your Honor --

THE COURT:  Mr. Scott?

MR. SCOTT:  Yeah.  I think an issue that may well arise sooner or later is the property right issue, and -- which I anticipate, if we get past the pleading issues where we are, the defendants are going to raise the issue.  If they aren't, that's fine.  If they are going to raise it, we would invite the defendants to raise it sooner rather than later.

They don't have to.  I'm just saying, in the interest of judicial economy, it might make sense.

THE COURT:  All right.  I'm sure they will appreciate the advice.

All right.  I'm going to tell you now my decision.

The complaint alleges a single cause of action under RICO. And plaintiffs allege that defendants are part of a RICO enterprise that includes the Mendocino County Sheriff's Department and District Attorney's Office; and that this enterprise has been engaged in acts of extortion, obstruction of justice, and other crimes.

The Court concludes that the complaint does not state a claim under RICO because most of the allegations relate to Rohnert Park Police Officers Tatum and Huffaker and acts that they allegedly committed, and there is little to connect Defendants White and Smith, or the Mendocino County alleged co-conspirators, to what the Rohnert Park officers were doing.

The strongest connection is the allegation that Defendant Smith and Officer Huffaker stopped Flatten.  But, as I noted earlier, that is contradicted by the FBI agent's affidavit that plaintiffs attached to and incorporated in their complaint.

The other connections are alleged in a conclusory fashion, such as alleging that Sheriff Allman directed Officer Tatum to issue a press release as part of a coverup, or on information and belief without supporting facts, such as alleging that DA Eyester prosecuted Knight to intimidate him.  And little is alleged to have happened in Mendocino County.

The Court will grant leave to amend so that plaintiffs can add specific, non-conclusory allegations showing the existence of a RICO enterprise in Mendocino County and why the activities of the Rohnert Park officers are part of that enterprise.

When amending, plaintiffs should include facts about why plaintiffs believe it was Smith who stopped Flatten.

Plaintiffs also need to allege facts that plausibly support an inference that the actions taken by the Mendocino County defendants and alleged co-conspirators, are part of a

RICO enterprise engaged in racketeering activities as opposed to the lawful activities of law enforcement officials.

Plaintiffs can also include allegations based on the new information counsel has recently learned, if that information it relevant.

So that's the ruling.  And that last point is that I denied your request to keep filing information, but you can include whatever is relevant in an amended complaint.

And how long would you like to amend, Mr. Cohan?

**MR. COHAN:**  Could we have 30 days, Your Honor?  Because that way --

**THE COURT:**  All right.

**MR. COHAN:**  -- the defendants will not be obligated to deal with this until the new year.

**THE COURT:**  That sounds fair.

So that would be what, Esther?

**THE CLERK:**  30 days from today?  Would be December 20th, 2021.

**THE COURT:**  Oh, my.

**MR. COHAN:**  May I make one further plea, Your Honor?

**THE CLERK:**  45 days would be January 3rd.

**THE COURT:**  Would that be better?

**MR. COHAN:**  That's fine, Your Honor.

**THE COURT:**  Okay.  January 3rd it's due, and then the defendants can review it and decide what to do.

**MR. COHAN:**  Can I make one point in response to the Court's ruling --

**THE COURT:**  Yes.

**MR. COHAN:**  -- just to clarify.

This came up repeatedly in the motions to dismiss that we're alleging that an enterprise committed the RICO crimes. That is not the case, and that is not the RICO statute, Your Honor.

It is the co-conspirators who have utilized the enterprise -- the enterprise being an association, in fact, between two government entities, the Sheriff's Department and the D.A.'s Office.  And these defendants used the Sheriff's Department and the D.A.'s Office to perpetrate the crimes that we've alleged here.

**THE COURT:**  So what you need to plausibly allege is that there is a RICO enterprise and that the activities you've alleged are part of that, are carried out to further the RICO enterprise.

**MR. COHAN:**  Well, it's not to further the RICO enterprise, respectfully, Your Honor; it's to further the crimes that are being committed through conducting the affairs of the enterprise through a pattern of racketeering activity. The enterprise --

**THE COURT:**  Okay.  Well, then that's what you need --

**MR. COHAN:**  -- is a captive entity that's being used

PROCEEDINGS

to commit crimes; obtaining false search warrants; prosecuting people who intimidate them; and justifying the theft of cannabis with no accountability for tons of cannabis that have been seized pursuant to warrants and otherwise by these defendants.

But I'll do -- we'll do our best, Your Honor.  And thank you for your patience.

THE COURT:  That's all we can ask.  All right.  Anything else for today?

MR. COHAN:  Not from the plaintiff, Your Honor.

MS. SPEER:  Not from our side.

MS. GRAHAM:  Not from us either, Your Honor.

THE COURT:  Okay.  The matter is submitted.  Thank you.

(Proceedings adjourned at 10:46 a.m.)

---oOo---

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:   Monday, November 29, 2021

_____
Ruth Levine Ekhaus, RMR, RDR, FCRR, CSR No. 12219
Official Reporter, U.S. District Court